ROWAN DRILLING COMPANY V. GEORGE H. SHEPPARD,
COMPTROLLER.

No. 6972.   Decided October 23, 1935.
Rehearing overruled November 27, 1935.

MAGNOLIA PETROLEUM COMPANY V. GEORGE H. SHEPPARD,
COMPTROLLER.

No. 6988.   Decided October 23, 1935.
Rehearing overruled November 27, 1935.
(87 S. W., 2d Series, 706.)

*Rice M. Tilley* and *Wilson Johnson, Jr.,* of Fort Worth, for relator Rowan Drilling Company, and *W. H. Francis, Walace Hawkins, Raymond M. Myers,* all of Dallas, and *Greenwood, Moody & Robertson,* of Austin, for relator Magnolia Petroleum Company.

The assessing and levying of ad valorem taxes under House Bill 6 (Acts 43 Leg., 4 c. s. ch. 10, sec. 1) in such a way that if paid entirely during the month of October of such year the same will be 97% of the amount that such taxes would be if paid after the expiration of said year, 98% if paid in November, and 99% if paid in December, is not violative of Article VIII, Sections 1, 2 and 10 of the State Constitution, but applies equally and uniformly to all property and taxpayers, and all property is taxed in proportion to its value. Lively v. Missouri K. & T. Ry. Co. of Texas, 102 Texas, 545, 558, 120 S. W., 852;

Empire Gas & Fuel Co. v. State, 121 Texas, 138, 47 S. W. (2d) 265; Jones v. Williams, 121 Texas, 94, 45 S. W. (2d) 130, 79 A. L. R., 983; Adair v. Robinson, 25 S. W., 734; City of Denison v. Municipal Gas Co., 257 S. W., 616; Rhoads Drilling Co. v. Allred, 123 Texas, 229, 70 S. W. (2d) 576.

*William McCraw*, Attorney General, *Scott Gaines* and *Earl Street*, Assistants Attorney General, for respondent.

The Act of the Legislature in controversy is in conflict with Sections 1, 2 and 10 of Article VIII of the Constitution, and the amount of taxes levied against the property constituting a lien against the same and a debt owing by the taxpayer to the State and county, the act in attempting to authorize a release of a portion of such debt by way of payment at a discount as provided therein is also in violation of Article III, section 45 of the State Constitution, and therefor void. Norris v. City of Waco, 57 Texas, 635; Missouri, K. & T. Ry Co. v. Shannon, 100 Texas, 379, 100 S. W., 139; Board of Education of Louisville v. Sea, Tax Receiver, 167 Ky., 172, 181 S. W., 670; Featherstone v. Norman, 170 Ga., 370, 153 S. E., 58, 70 A. L. R., 449.

MR. JUSTICE CRITZ delivered the opinion of the court.

The above numbered and entitled causes are original applications for mandamus, and both involve the same issues of law. Hence we discuss and decide both cases in this opinion.

The Rowan Drilling Company case was filed by Rowan Drilling Company, a private corporation, as relator, against George H. Sheppard, State Comptroller, as respondent, to compel respondent to accept and receipt for certain 1935 state and county ad valorem taxes assessed against such relator and its properties in the counties of Caldwell, Gregg, Harris, Rusk, and Van Zandt, in this State. It is admitted that this relator is a nonresident of each and all of such counties.

The Magnolia Petroleum Company case was filed by Magnolia Petroleum Company, a private corporation, as relator, against George H. Sheppard, State Comptroller, as respondent, to compel respondent to accept and receipt for certain 1935 state and county ad valorem taxes assessed against such relator and its properties in the counties of Callahan, Hamilton, and Gonzales, in this State. It is admitted that this relator is a nonresident of each and all of such counties.

As presented in this Court, each of the relators and respondent have agreed to the truth of the fact allegations in the respective petitions, and have further agreed that the respective

relators are entitled to the relief sought by them respectively, unless this Court should determine and decide that Section 1, of Chapter 10, Acts Fourth Called Session 43rd Legislature, is unconstitutional as violative of certain provisions of our State Constitution, which we shall later point out and discuss.

Our Constitution provides in substance that the Legislature may, by a two-thirds vote, authorize the payment of ad valorem taxes of nonresidents of counties at the office of the State Comptroller. Section 11, Article VIII, Texas Constitution. It appears that the Legislature has duly effectuated the above constitutional provision as applied to state and county taxes only. Article 7265, R. C. S. of Texas, 1925. Only state and county taxes are here involved.

It is admitted that Rowan Drilling Company is the owner of certain properties situated in the counties already indicated, which have been duly rendered, valued, and assessed for state and county ad valorem taxes for the year 1935. It is also admitted that such relator has tendered to the respondent the amount of such taxes due by it in each and all of said counties, as follows:

| | |
|---|---|
| Caldwell | $ 6.97 |
| Gregg | 75.00 |
| Harris | 63.18 |
| Rusk | 64.75 |
| Van Zandt | 1.88 |
| Total | $211.78 |

It is also admitted that the same facts apply to Magnolia Petroleum as regards taxes due by it in the counties already indicated, as follows:

| | |
|---|---|
| Callahan | $112.95 |
| Hamilton | 97.01 |
| Gonzales | 67.54 |
| Total | $277.50 |

It is further admitted that the above amounts of taxes are the respective amounts due under the provisions of Section 1, Chapter 10, Acts 43rd Legislature, supra, if such taxes are paid in October, 1935; and that the respective relators have tendered such sums to the respondent during such month.

The statute above referred to, and here under consideration, reads as follows:

"SECTION 1. On and after January 1, 1935, ad valorem taxes shall be assessed and levied in such a way

"(1)   that such taxes, if entirely paid during the month of October of the year for which such taxes are assessed, will be ninety-seven per cent (97%) of the amount that such taxes would be if paid after the expiration of said year;

"(2) that such taxes, if entirely paid during the month of November of the year for which such taxes are assessed, will be ninety-eight per cent (98%) of the amount that such taxes would be if paid after the expiration of said year; and

"(3) that such taxes, if entirely paid during the month of December of the year for which such taxes are assessed, will be ninety-nine per cent (99%) of the amount that such taxes would be if paid after the expiration of said year.

"(4)   That such taxes, if entirely paid during the month of January after the year for which such taxes are asessed, will be one hundred per cent (100%) of the amount of such taxes assessed.

"The Comptroller of Public Accounts shall prescribe suitable forms for tax rolls to be used by the Assessor and Collector of taxes in making such assessments and in crediting payment thereof.

"The provisions of this section shall not apply to ad valorem taxes of any city, town, or independent school district, unless and until the governing body thereof shall pass an ordinance or resolution providing that the provisions of this section shall apply to ad valorem taxes of such city, town, or independent school district."

■ As worded, this statute leads us to the conclusion that the Legislature has attempted to provide by law for one assessment of property for taxation, based upon one rate and one valuation, with allowance of a graduated monthly discount where taxes are paid before the last month of the tax year. However, in view of the rule that it is our duty to uphold the validity of this statute if it can be given a reasonable construction that will render it constitutional and at the same time carry out the legislative intent, we will say for the purposes of this opinion that this statute can be given one of four constructions:

(a) It provides for four rates with one valuation for the same tax year.

(b)   It provides for four valuations with one tax rate for the same tax year.

(c) It provides for one assessment, based upon one rate and one valuation, with allowance of a graduated monthly discount if the taxes are paid before the last month of the tax year.

(d) It provides for one rate and one valuation, with instructions that the rate shall be applied to the valuation upon a percentage basis,—that is, certain percentages of the taxable valuation shall be taken as the basis of taxation.

The above are all the constructions that we can conceive of that the above statute can be given.

■ We are convinced that this statute cannot be given constructions (a), (c), or (d) above. To say that it provides four tax rates for the same tax year would render it violative of Section 9, of Article VIII, of our Constitution. That constitutional provision confers upon all counties the right to levy certain maximum county taxes. If the statute fixes four rates on one valuation, the full rate is for January; and the October, November, and December rates are less than the full rate. It is clear that the Legislature cannot deny to counties the right to levy the full rate of taxes provided by Section 9, of Article VIII, supra.

Likewise we think that if it be held that the statute provides for one assesment, based upon one rate and one valuation, with allowance of a graduated monthly discount of taxes; or if it be held that it provides for one rate and one valuation, with instructions that the rate shall be applied to the valuations upon a percentage basis, the statute would be in violation of Section 9, of Article VIII, of our Constitution, in the same particulars pointed out as to (a) above. Also, we think constructions (d) and (c) would violate that part of Section 2, of Article VIII, of our Constitution which denies the Legislature the power to exempt property from taxation other than the property therein indicated. In this regard it is evident that constructions (c) and (d), above, have effect to exempt a certain portion or per cent of property from taxation. It is true that the portion or per cent exempted is small, as provided by this law, but if we hold that three, two, and one per cent of the assessed valuation of property can be exempted, it would follow that any larger per cent less than the whole could likewise be exempted. Manifestly, the constitutional prohibition against the exemption of property from taxation by law applies to a part of such property as well as the whole.

Our holding that this statute cannot be given constructions (a), (c), and (d), supra, leaves but one other avenue open for

decision, which is construction (b), supra. Manifestly, if the Constitution by express words or necessary implication prohibits more than one valuation for the same tax year, this construction must be rejected, and this statute be declared wholly void.

When we read the various tax provisions of our Constitution singly, and in the light of each other, we are convinced that by necessary implication, if not by direct language, it prohibits more than one valuation of property for ad valorem tax purposes for the same tax year. In this connection we call attention to the fact that the various tax provisions of our Constitution use the word valuation in the singular. Also a holding that more than one valuation can be provided by law for the same tax year would bring about impossible situations in regard to many tax matters. In this connection we call attention to the fact that Section 52, of Article III, of our Constitution permits bonds to be issued by any county, any political subdivision of a county, any number of adjoining counties, or any political subdivision of the State, or any defined district now or hereafter to be described and defined within the State of Texas, etc., for certain purposes in any amount not to exceed one-fourth of the assessed valuation of the real property in such district or territory. It is clear to us that this provision of the Constitution demonstrates a direct constitutional intent not to allow more than one valuation. It undoubtedly demonstrates a constitutional implication not to do so. This is evident for the reason that if four valuations are provided by law we are left without a constitutional guide to determine which valuation should be taken for bonding purposes under this provision of our Constitution.

Also, Section 1-a, of Article VIII, of our Constitution, exempting $3,000.00 of the assessed taxable value of residence homesteads from State taxes demonstrates a further constitutional intent to allow but one value. This is evident, because in this provision of the Constitution value is used in the singular and because confusion would result if we should attempt to apply four values to this provision.

Finally, if we should say that the Legislature is without power to deny counties the right to levy the maximum taxes provided by Section 9, of Article VIII, of our Constitution, but can accomplish the same result by providing for four valuations, we would be holding that the power granted counties by this Section of the Constitution can be indirectly nullified. Certainly, such a construction should not be indulged.

We do not intend to intimate that we have pointed out all constitutional questions involved in passing on the validity of this law. We think we have said enough to demonstrate that it is absolutely and wholly unconstitutional and void.

The respective mandamuses prayed for herein are refused.

Opinion delivered October 23, 1935.

### ON MOTION FOR REHEARING

The above cases are before us on motions for rehearing filed by the respective relators, Rowan Drilling Company and Magnolia Petroleum Company. In the motions for rehearing relators contend that we were in error in holding Section 9 of Article VIII of our State Constitution is a grant of power to counties, and confers on them the right to levy certain maximum taxes. In this connection it is contended that such constitutional provision merely constitutes a limitation upon the taxing power, and not a grant of power.

An examination of our original opinion will disclose that we there held that, "As worded, this statute leads us to the conclusion that the Legislature has attempted to provide by law for one assessment of property for taxation, based upon one rate and one valuation, with allowance of a graduated monthly discount where taxes are paid before the last month of the tax year." This was intended as a positive construction of the statute, and renders it violative of Section 2 of Article VIII of our Constitution, as demonstrated in our original opinion. We still adhere to such construction. This ruling makes our remarks as to Section 9 of Article VIII of our Constitution unnecessary, and same are withdrawn.

The respective motions for rehearing filed herein by Rowan Drilling Company and Magnolia Petroleum Company are overruled.

Opinion delivered November 27, 1935.