### KLUCKMAN et al. v. TRUSTEES OF RAYMONDVILLE INDEPENDENT SCHOOL DIST. et al.

### No. 10121.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 16, 1938.

Jesse G. Foster, of Raymondville, for appellants.

R. F. Robinson, Crane & Glarner, and S. L. Gill, all of Raymondville, for appellees.

SLATTON, Justice.

F. H. Kluckman and Charles N. Young filed this suit against the Raymondville Independent School District and its officers, alleging that in the levy and assessment of taxes on their land a discrimination existed against them for the years 1931 to 1935, inclusive; that the method of arriving at the valuation of property within the district, adopted by the officers of such district, was violative of the Constitution, in that the district was laid off into zones, and the property was valued according to zone instead of reasonable market value; that the amount of taxes due by the parties was 60 per cent. of that claimed by the district. The parties prayed that the district be compelled to accept the amounts tendered by them. The district answered by general and special demurrer, general denial, and a cross-action for taxes, interest, penalty, and costs due by the parties to the district.

The trial was to the court, without the intervention of a jury, and resulted in a judgment in favor of the district for the taxes, interest, penalty, and costs, and denied any relief to Kluckman and Young, hence this appeal.

No findings of fact or conclusions of law were requested nor filed. H. L. Snow, secretary, tax collector, and assessor of the district, was called as a witness by the appellants and testified that during the years involved the district ascertained the market value of all property within the district as nearly as they could, and for the purpose of taxation took 60 per cent. of such values; that this method applied to all the property in the district and all the property owners in the same. He testified to the amount of value placed upon the property involved in this suit under such method, and the amount of taxes, interest, penalty, and costs due by the appellants. Other

witnesses were called by the appellants and gave their opinions of a value different and higher than that placed upon the property by the district. The most that can be said of the evidence is that it presented an issue of fact to be determined by the trial court. The trial court by his judgment found for the district against the appellants. Such finding, when supported by the evidence, is binding upon an appellate court. In 37 Tex. Jur. p. 1014, § 133, it is said:

"In fixing valuations a board of equalization functions in a quasi judicial capacity. It has large discretionary powers, and the decision of the board upon a particular assessment, in the absence of fraud or irregularity, is ordinarily conclusive. * * *

"Mere difference of opinion regarding the reasonableness of valuations will not warrant judicial interference."

■ Appellant Young's land had been rendered by a prior owner at the valuation fixed by the officers of the district; appellant Kluckman's land was valued by the district at $60 per acre, and by one of his own witnesses at $50 per acre. We think the trial court correctly refused to judicially interfere with the action of the Board of Equalization in the absence of a showing of fraud or irregularity.

■■ By the fourth proposition appellants complain of the action of the court in excluding the tax records of the appellee district. Appellants first offered the tax records of the district and offered the valuations shown thereon, at which time counsel for appellees objected to the same for the reason that, no fraud, irregularity, or bad faith having been shown, the tax records were immaterial. Thereupon the trial court stated that he would sustain the objection to the introduction of the tax roll at that time.

After calling two witnesses who testified to values other than those assessed by the district, the tax, assessor, Mr. Snow, was recalled and testified to values of considerable property, as shown by the tax rolls. The tax rolls were never reoffered by appellants. The trial court is allowed a wide discretion in determining the order in which evidence is presented. We perceive no error in the trial court excluding the tax rolls for a time until some evidence was offered by the appellants on their allega-tions of the irregularity of the valuations and assessments.

■ By subsequent proposition appellants contend that the district was not authorized to remit taxes, and in doing so discriminated against them, and that, in virtue of their unauthorized remission of taxes of other parties, they were entitled to have their taxes remitted in the same proportion as others. It appears without dispute that the district, acting under authority of the Legislature, reduced the taxes of the district upon condition of their payment by certain dates. The district extended the privilege to all taxpayers in the district. Subsequently our Supreme Court, in the case of Rowan Drilling Co. v. Sheppard, Comptroller, 126 Tex. 276, 87 S.W.2d 706, held the statute authorizing such remission to be unconstitutional, and thereafter the district discontinued the practice. Appellants ask the courts to compel the officers of the district to reassess the property of the taxpayers who took advantage of the reduction. Since the action of the district, although in good faith, was void, the reduced amount is still due the district and therefore there is no necessity for another levy.

■ The appellants further assert that, taking into consideration the remitted taxes made by the district under the void statutes, and the amount of delinquent taxes now due the district, there was an excessive levy to the extent of 30 per cent. for the years 1931 to 1934, inclusive, and assign error to the exclusion by the trial court of the amounts shown to be delinquent for such years. The trial pleadings of appellants did not allege sufficient facts to show an illegal levy of taxes by the officers of the appellee district, therefore, it was not error for the trial court to exclude the amounts of delinquent taxes due the district for the years stated. Appellants, in effect, concede that the officers of the board acted in good faith in all their actions in the levy, assessment, and collection of taxes. In the absence of fraud or irregularity, we are of the opinion that the discretion of the levying officers in making the rate necessary to produce the revenues required is controlling.

Finding no error which would justify a reversal, the judgment of the trial court is affirmed.