

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
April 17, 1969

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. M-376

Re: Effect of the order of
the Commissioners' Court
of Hardin County entered
on March 24, 1969, on
valuations on the county
ad valorem tax rolls
which had been finally
approved by the Board
of Equalization on
January 22, 1969.

Dear Mr. Calvert:

You ask our opinion on the following inquiry:

"Please advise me whether the hereinafter
mentioned order of the Commissioners Court of
Hardin County entered on March 24, 1969, changes
the valuations shown on the tax rolls of that
county.

"The facts are as follows: On January 22, 1969,
the Commissioners Court finally approved all the ad
valorem tax rolls for the county for the year 1968
and delivered them to the county tax collector for
him to use in collecting the taxes shown thereon.
The tax collector has been receiving and receipting
for the taxes shown on these rolls and has remitted
to me the State's portion of his collections as
shown by the rolls.

"On March 24, 1969, the Commissioners Court of
Hardin County entered the following order:

"Upon the motion of Commissioner
Caraway and a second by Commissioner
Burch and by a three to two vote of the
Court, do hereby settle the dispute

with the taxpayers at 27% and penalty
& interest, to correct the tax rolls
to reflect the settlement figure.  Any
taxpayer who dates his check by the
31st of March, 1969, will get receipt
for same at this rate.  The Court
voting as follows:

County Judge Lack voting nay
Commissioner Caraway voting aye
Commissioner Barrington voting nay
Commissioner Means voting aye
Commissioner Burch voting aye."

"My question to you is, what effect, if
any, does this order have upon valuations shown
on the tax rolls?"

Our opinion is that the order of the Commissioners'
Court entered on March 24, 1969, has no effect upon the
valuations shown on the tax rolls of the county, and that as
to those valuations, such order is void and of no effect whatever.

Our State Supreme Court has, repeatedly and consistently,
held that the decisions of Boards of Equalization in the matter
of valuations are quasi-judicial in nature, and, in the absence
of fraud or illegality, that their decisions are not subject to
being set aside.  State v. Houser, 138 Tex. 1928, 156 S.W.2d
968, 970 (1941); Victory v. State, 138 Tex. 285, 158 S.W.2d 760,
766 (1942).  Their orders are res adjudicata.  State v. Couts'
Estate, 149 S.W. 281 (Tex.Civ.App. 1912, no writ).

In the case of State v. Mallet Land & Cattle Co.,
126 Tex. 392, 88 S.W.2d 471, 472 (1935), the Court said,

". . . The rule has been repeatedly
announced that, in the absence of fraud
or illegality, the action of a board of
equalization upon a particular assess-
ment is final; and, furthermore, that
such valuation will not be set aside
merely upon a showing that the same is
in fact excessive.  If the Board fairly
and honestly endeavors to fix a fair
and just valuation for taxing purposes,

a mistake on its part, under such
circumstances, is not subject to review
by the Court.   . . ."

See also State v. Chicago, R. I. & G. Ry. Co., 263 S.W. 249,
251 (Tex.Comm.App. 1924).

In Rowan Drilling Co. v. Sheppard, 126 Tex. 276, 87 S.W.2d
706 (1935), the Court said,

"When we read the various tax
provisions of our Constitution singly,
and in the light of each other, we are
convinced that by necessary implication,
if not by direct language, it prohibits
more than one valuation of property for
ad valorem tax purposes for the same tax
year.   In this connection we call
attention to the fact that the various
tax provisions of our Constitution use
the word "valuation" in the singular.
Also a holding that more than one
valuation can be provided by law for
the same tax year would bring about
impossible situations in regard to many
tax matters.   In this connection we call
attention to the fact that section 52 of
article 3, of our Constitution permits
bonds to be issued by any county, any
political subdivision of a county, any
number of adjoining counties, or any
political subdivision of the state, or
any defined district now or hereafter to
be described and defined within the
state of Texas, etc., for certain purposes
in any amount not to exceed one-fourth of
the assessed valuation of the real property
in such district or territory.   It is clear
to us that this provision of the Constitution
demonstrates a direct constitutional intent
not to allow more than one valuation.   It
undoubtedly demonstrates a constitutional
implication not to do so.   . . ."   (at p. 708).

Article 7253, Vernon's Civil Statutes, reads as follows,

"When any tax collector shall have
received the assessment rolls or books of
the county, he shall receipt to the
commissioners court for the same; and
said rolls or books shall be full and
sufficient authority for said collector
to receive and collect the taxes therein
levied."

Further, Article 7254 of these statutes, in its relevant
portion, reads as follows,

"The tax collector shall be the
receiver and collector of all taxes
assessed upon the tax list in his county,
whether assessed for the state or county,
school, poor house or other purposes;
and he shall proceed to collect the same
according to law, . . ."

The Tax Collector has been regularly receiving and
receipting for the taxes shown on the tax rolls, as you have
stated, since about January 29, 1969.  Both he and all persons
who have paid their taxes have relied upon these rolls and
acted pursuant to them.  In this respect the case of South
Taylor County Independent School Dist. v. Winters Independent
School Dist., 151 Tex. 330, 249 S.W.2d 1010, 1012 (1952) is
relevant.  The opinion of the Attorney General Number O-930
(1939) is also relevant and in accord with our views.

This opinion does not purport to deny the general
authority of Commissioners' Courts to declare certain assess-
ments invalid pursuant to Articles 7346 and 7347, Vernon's
Civil Statutes.  This opinion is founded strictly upon the
particular facts stated in your opinion request and upon the
particular order of the Commissioners' Court here in question.

## SUMMARY

The order of the Commissioners'
Court of Hardin County, Texas, entered
on March 24, 1969, wherein it attempts
to change the valuations shown on the

tax rolls of the county which had
been finally approved on January 22, 1969
by the Court, has no effect upon the
valuations shown on those tax rolls.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns B. Taylor, Chairman
George Kelton, Vice-Chairman
Jack Goodman
Joseph H. Sharpley
John Banks
Fisher Tyler

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant