NO.
12-06-00283-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS FOR        §                      APPEAL FROM THE 

 

THE BEST INTEREST AND          §                      COUNTY COURT AT LAW

 

PROTECTION OF N. P.
N. §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
N.P.N. appeals from the trial court’s order authorizing the Texas Department of
State Health Services to administer psychoactive medication to him.  In four issues, N.P.N. asserts that the court’s
order violates state and federal guarantees of due process and equal
protection.  We affirm.

 

Background

            On
August 1, 2006, an application was filed requesting the court order an
authorization for the administration of psychoactive medication to N.P.N.  The application, filed by Dr. C. Cuellar,
recited that N.P.N., who suffers from schizophrenia, is subject to an order for
court ordered inpatient mental health services pursuant to Chapter 46B of the
Texas Code of Criminal Procedure.  After
hearing testimony from Dr. Jon Guidry, N.P.N.’s treating physician, the trial
court entered an order to administer psychoactive medication for the period of
temporary commitment or until N.P.N. is acquitted, is convicted, or enters a
plea of guilty, or the date on which criminal charges in the case are
dismissed.

 

 








Due Process

            In
his first and second issues, N.P.N. contends that the trial court rendered
judgment in violation of state and federal guarantees of due process when it
entered an order to administer 
psychoactive drugs.  N.P.N.
appears to argue that he has a significant liberty interest in avoiding the
administration of unwanted antipsychotic drugs that is protected by the
Fourteenth Amendment.  Therefore,
forcible administration of psychoactive medication violates his right to
substantive due process.  He asserts that
involuntary interventions are damaging and strip the patient of his humanity.
This argument was not made in the trial court. 
A constitutional claim must have been asserted in the trial court to be
raised on appeal.  Dreyer v. Greene,
871 S.W.2d 697, 698 (Tex. 1993).  This
argument is therefore waived.

            N.P.N.
also asserts that Sections 574.104–.106 of the Texas Health and Safety Code are
violative of his constitutional rights to due process due to ambiguity in the
term “capacity.”  He argues that the term
is so overly broad, vague, and ambiguous that it renders itself susceptible to
a variety of interpretations.  He points
out that he was allowed to serve as his own trial counsel and yet deemed
lacking capacity to make a rational and informed decision about whether to take
medication.

            When
considering an attack upon the constitutionality of a statute, we begin with
the presumption that it is valid and that the legislature did not act
arbitrarily or unreasonably in enacting the statute.  Robinson v. Hill, 507 S.W.2d
521, 524 (Tex. 1974).  We must uphold the
statute if a reasonable construction can be determined that will render it
constitutional.  Rowan Drilling Co.
v. Sheppard, 126 Tex. 276, 279, 87 S.W.2d 706, 707 (Tex. 1935) (orig.
proceeding).  The burden rests upon the
individual challenging the statute to prove its unconstitutionality.  Robinson, 507 S.W.2d at
524.  A civil statute would violate due
process only if it commanded compliance in terms “so vague and indefinite as
really to be no rule or standard at all.” 
A.B. Small Co. v. American Sugar Refining Co., 267 U.S.
233, 239, 45 S. Ct. 295, 297, 69 L. Ed. 589 (1925). 

            The
term “capacity” is defined in the Health and Safety Code.  “Capacity” is statutorily defined as a
patient’s ability to “understand the nature and consequences of a proposed
treatment, including the benefits, risks, and alternatives to the proposed
treatment” and “make a decision whether to undergo the proposed treatment.”  Tex.
Health & Safety Code Ann. § 574.101(1) (Vernon 2003).  Therefore, under Section 574.106(a), the
trial court may authorize the administration of psychoactive medication if it
finds the patient is under an order for mental health services, the patient
cannot understand the nature and consequences of the proposed treatment, including
benefits, risks, and alternatives, rendering him unable to make a decision
regarding administration of the proposed medication, and this treatment is in
the patient’s best interest.  It is not
required that statutes be defined with mathematical exactitude, only that they
provide fair notice in light of common understanding and practices.  See Boyce Motor Lines, Inc. v.
United States, 342 U.S. 337, 340, 72 S. Ct. 329, 331, 96 L. Ed. 367
(1952).  Sections 574.104-.106 provide
fair notice.  The statute does not
encourage arbitrary or discriminatory application.  See Women’s Med. Ctr. v. Bell,
248 F.3d 411, 422 (5th Cir. 2001).  We
conclude that the term “capacity,” as used here, is not so vague that people of
common intelligence must guess at its meaning and would differ in its
application.  See Smith v. Goguen,
415 U.S. 566, 572 n.8, 94 S. Ct. 1242, 1247 n.8, 39 L. Ed. 2d 605 (1974). 

            As
to N.P.N.’s contention that the statute in question is overly broad, he offers
no argument or authority in support of that contention and therefore it is not
presented for review.  Beasley v.
Molett, 95 S.W.3d 590, 609 (Tex. App.–Beaumont 2002, pet. denied).  We overrule N.P.N.’s first and second issues.

 

Equal
Protection

            In
his third and fourth issues, N.P.N. asserts the trial court erred in rendering
judgment in violation of state and federal guarantees of equal protection.  He argues that treating individuals subject
to a court order under Health and Safety Code Section 574.034 differently,
while at the same time specifically stating in Section 574.109 that the orders
issued under Section 574.106 are not a determination or adjudication of mental
incompetency or a limitation of one’s rights, is an invidious declaration of a
second class citizen.  N.P.N. did not
make this argument in the trial court and has therefore not preserved it for
review.  See Dreyer, 871
S.W.2d at 698.  We overrule issues three
and four.

 

 

Disposition

            We
affirm the trial court’s order for administration of psychoactive
medication.

            

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered April 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)