Jurge Marshall
delivered the opinion of the Court.
By the last section of the act of 1836, to incorporate the Portland Dry Dock and Insurance Company, (Sess. acts, 1835-6, p. 587, the said company was required to pay to the city of Louisville an annual tax of fifty cents on each hundred dollars of their capital stock. And as the capital was $100,000, required to be paid up before the company should be organized or proceed to the business authorized by the charter, this tax amounted to $500 annually. By the 7th section of an act of 1844, (Sess. acts, 1843-4, p. 222,) the Board of Trustees of the town of Portland, were empowered to collect and re-ceivefor each year thereafter, two hundred dollars of the annual tax laid on the Portland Dry .Dpck ^and Insurance company; and so much of the act incohpbfh'ting said company as directs the payment of an annual tax by said company to the city of Louisville, was so amended as to direct that in future said company should pay two hundred dollars of said annual tax to the Trustees of the town of Portland, and the residue thereof to the city of Louisville.
In April, 1847, the Trustees of the town of Portland, brought this action of debt against said company to recover the sum of $200, the tax alleged to be due to them and unpaid for the year 1846. The declaration refers to the act of incorporation and the tax thereby imposed, and to the subsequent act granting to the Trustees of Portland $200, part of said tax, and stating that the capital stock of $100,000 had boen subscribed and paid to the company, and that it had been fully or- *78 sanized and proceeded to exercise the powers and pnv. lieges conferred by the charter, avers that by virtue oi sa¡¿ ac|s the company became liable and bound to pay * *> i j to the plaintiffs as trustees, &c., for each and every year the sum of $200, but has not paid to them the sum of $200 which they are so liable and bound to pay for the year 1846, &c., &c.
To this declaration two pleas were filed, each of which was adjudged bad on demurrer, and the defendants saying nothing further in answer to the action, a júdgment was rendered against them for $200, with interest from the emanation of the writ.
In revising this judgment the first question is on the sufficiency of the pleas. One of the pleas simply avers in general terms, that prior to June, 1846, the corporation of the Portland Dry Dock and Insurance company, was dissolved by unanimous act of the corporation, and the capital withdrawn. The other plea relies substantially pn the same fact more circumstantially set forth. Jt avers in effect, that the stock holders of the company at their Juné meeting in 1845, resolved to wind up fheir business and to divide their stock, and the directors of the previous year were continued in office for another year, viz: until June, 1846, for the sole purpose of liquidation, and the stock distributed among the stockholders, and the corporation dissolved and ceased to exist. This plea shows by way of profert the proceedings of the meeting of June, 1842, to which it refers, and by which it appears that said meeting received and unanimously confirmed a written authority and power of attorney, signed by all the stockholders, in which they express their desire to dissolve the corporation and close its business, and they appointed three named persons or any two of them, their attorneys, in fact, to collect the funds and assetts of the corporation,, and pay them over to each proportionably, as fast and as often as collected, and giving them power to settle and adjust all claims pro and con, to sell and dispose of all property of the company, and to compromise and *79 finally settle each and every transaction of said corporation, making use of the corporate name until each transaction is finaily liquidated and closed. And the meeting of June, 1845, resolved accordingly.
Ia Englaad a cor poratlon could uot dissolve itself but by a sur render of its fran chise to the King and its acceptance. In Kentucky it should be to the Legislature, or a repeal of the charter — argu.
—Butin Ky. a corporation cannot, by its own act dissolve itself so as to avoid any responsibility incurred before such attempted dissolution.
Upon these pleadings the general question has been discussed whether a private corporation can at ics own mere will dissolve itself by its own mere act. In England it seems to be the established law, that a corporation cannot effectually dissolve itself by a surrender of its franchise, unless the surrender be made to the King and accepted. Upon analogous principles the surrender in this country, should be made to and accepted by the Legislature, and it would doubtless be effectually evidenced by a repeal of the charter upon petition of the corporators, It is certainly desirable that there should be a Legislative act prescribing a mode by which private corporations might be dissolved by the act of the corporators, so manifested as to be conclusive, at least against themselves. Even in the absence of such a statute, we are not prepared to say that a corporation purely private in its character and objects and created for the sole benefit of the individual corporators, might not by the act of the corporation and the corporators be divested of its corporate privileges and existence, on the ground that the assent of the Legislature might in sueh a ease be presumed, from the nature and object of the charter itself. But the act ought to be unequivocal and conclusive. And clearly, the corporation could not by its own act or that of the corporators importing a dissolution, be so dissolved as to discharge it from any contract or liability existing against it. And in this view, it might be questioned whether, as this company is chartered for twenty years, the annual tax imposed by the charter might not be regarded as such a continuing liability to the public as cannot be got rid of by any act of the company importing a dissolution, unless with the assent of the public.
But conceding, as we are inclined to do, that this annual tax is to be regarded as imposed upon the annual *80 business and privilege of the Company, which should cease when the business and privilege are actually relinquished ; and conceding further, without deciding that this corporation might, by its own act, terminate its corporate existence, and avoid future liability for the.tax, we are still of opinion that each of the pleas is insuffirient to bar the action.
"Where a certain tax is imposed, debt will lie for its recovery: if a certain penalty be imposed by statute debt will lie for its recovery.
1. Neither of them shows or avers an actual termination of the corporate existence prior to the year 1846, for which the tax is claimed, but each, in effect, admits its existence during a considerable portion of ■that year. And if a pro rata payment would suffice, neither of them avers it.
2. The general plea is also defective in not stating bow or by what act the corporation dissolved itself.
3. The special plea shows that the organization of the Company was kept up at least until June, 1846, -and that the corporate name was allowed to be used: ■and may, for all that appears, have been in fact used for •an indefinite period afterwards.
In this view of the pleas, we are of opinion that they ■do not necessarily raise the general question as to the right of the corporation to dissolve itself by its own •act. And we do not decide that question, because if the right be admitted, the pleas do not show that it has been so exercised as to avoid all liability for the tax for 1846, claimed in the declaration. There was consequently no error in adjudging the pleas to be insufficient to bar the action.
It is contended, however, that if the pleas are bad, the declaration also is insufficient, and that the defendant was therefore entitled to judgment on the demurrer.
1. It is objected that the action of debt cannot be maintained for the demand disclosed in the declaration, but that if the plaintiff’s are entitled to it at all, they should collect it as they do their ordinary taxes. But as the sum is certain and due by statute, and as debt is the ordinary remedy upon statutes, we do not perceive *81 why if the defendants are certainly bound to pay the tax to the plaintiff’s, the action of debt may not be maintained, even if they might resort to a more summary mode of coercion. If a statute prohibit an injury under a certain penalty to be paid to the party injured, he may sue for it in debt, though neither the right nor the form of action be expressly recognised in the statute, (1 CMtty’s pleadings.) Much more, if the Legislature may require payment of a ceriain sum by one person to another, should the person entitled to it be allowed to maintain an action of debt against the party who being bound to pay it actually owes it. If the statute creating the liability had presented a different remedy, the case might be different. But the mere fact that the statute creating this liability calls it a tax, does no't in our opinion preclude the remedy by action.
The act of the ’Legislature directing the payment of $200, part of the tax ■imposed upon the Portland Dry Dock Company, to Portland, instead of Louisville, presumed to be acquiesced in by the Company from the faja» and pleadings in the case.
2. A more serious objection is, that as th.e original charter of this company directs the payment of the entire tax to the city of Louisville, the subsequent act which directs .the payment of §200 of the tax to the Trustees of Portland, is an alteration of the charter which is not binding upon the company unless accepted by them, and that the declaration is fatally defective in not shewing an acceptance, without which there is no liability on the part of the defendants to the plaintiffs. We do not perceive any difference between the bur-then or duty of making payment to the city of Louisville, of the whole tax, and of paying a ‘p^rt of it to Louisville and a part to Portland, unless it be in the fact that it is making two creditors and two demands with separate remedies, where there was but one originally. But we know that Portland though now a separate town was once incorporated with Louisville as a part of it, and is in the immediate vicinity of Louisville. From the name of the company too, if appears that the Dry Dock, the improvement and management of which was one object of the charter, was 3 m Portland. And although the splitting up of a duty originally entire, and transferring to severa! a right which was vested in *82 a single person, might under some circumstances, or even generally, be considered as an annoyance and operate in fact as an increased burthen," we cannot assume that it so operated in this instance, or that it was so regarded by the company. That this was not the ground of their objection to the demand of the tax by the Trustees of Portland, is reasonably clear from their failure' to demur to the declaration, or to plead their non consent to the change made in the- tax as a de-fence to the action. On the face of the pleading it may be inferred that they had acquiesced in the charige and-hád probably paid to the towxi of Portland her portion of the tax for the years' 1844 and 1845, for which years it is riot demanded in the declaration. Under these considerations We feel authorised to assume that this change in the mode of paying the tax did not impose any additional burthen or inconvenience on the company, which is alledged to have been called oh for payment; and as the Legislature had undoubtedly the ¡right to take the tax or any portion of it from the city of Louisville; we'are of the opinion that the objection to the declaration now urider notice is not available.
A jury, is not necessary in a" suit to recover tax fixed bylaw; —Bufno interest should be computed on such debt without' the intervention of a jury.
Guthrie and Ripley for plaintiff; Loughborough & Ballard for defendants.
The tax being a sum certain imposed by law not as a penalty but as a reg'ular duty or debt, there was no need of a jury to ascertain the amount due, but we are of opinion that as this demand did not bear interest by law, the Court was not authorised to adjudge interest without the intervention of a jury.
For this error alone the judgment is reversed and the cause'remanded with directions to render a judgment against the defendant for the sum of $200 and costs without interest.