THE CITY OF HENRIETTA v. M. E. EUSTIS.

No. 132.

**1. City May Sue to Collect Taxes.**

A city incorporated under the general law for the incorporation of cities and towns of one thousand inhabitants has the right to maintain a suit to recover a personal judgment for the ad valorem taxes due, and also to foreclose the lien upon the particular property upon which the tax is assessed ...................................................... 18

**2. Void Tax Sale—Equities.**

That a void tax sale had been made at which the city was purchaser, would not preclude the right of the city to such personal judgment and foreclosure........................................... ....... 19

**3. Sale Under City Tax Laws.**

Article 447, Revised Statutes, applies to tax sales the equitable rule that where a purchaser at a void sale has discharged a lien upon the property, the owner will not be permitted to recover the property without

first paying the sum applied to the discharge of the lien. It was also within the power of the Legislature to require the payment of all taxes due upon that property as a condition to the right of the delinquent to set up defects in the title of the city purchasing at its own tax sales ...................................................................... 19

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Clay County.

*Templeton & Patton*, for appellant.—The remedy provided by statute for the summary seizure and sale of the property in controversy for the collection of the taxes which had been assessed against it by appellant, was and is not exclusive, and did not preclude appellant from bringing its suit in a court of competent jurisdiction to enforce the collection of such taxes and all legal costs against said property; and the District Court of Clay County had jurisdiction to entertain said suit and to render judgments for all such taxes and costs, and to decree a foreclosure of appellant's lien on said property, and to order the same sold in satisfaction of such judgment, and the court erred in holding that it had no such jurisdiction, and in refusing to grant the relief prayed for. Rev. Stats., arts. 438, 1116, subdiv. 4; Cave v. City of Houston, 65 Texas, 621; Lufkin v. City of Galveston, 73 Texas, 343; Wood v. City of Galveston, 76 Texas, 133; Clegg v. The State, 42 Texas, 605; Ins. Co. v. The State, 42 Texas, 636; 1 W. & W. C. C., sec. 59; Bordages v. Higgins, 19 S. W. Rep., 446; 2 Desty on Tax., 706; 2 Dill. on Mun. Corp., sec. 815, and note; Dubuque v. Railway, 39 Iowa, 56; Cool. on Tax., 15, 16.

*W. G. Eustis*, for appellee.—The tax deed was void. Meredith v. Coker, 65 Texas, 30; Lufkin v. City of Galveston, 73 Texas, 343; Schleicher v. Gatlin, 19 S. W. Rep., 161; Goodrum et al. v. Ayers, 19 S. W. Rep., 98; Blackw. on Tax Title, secs. 98, 99, 290; Cool. on Tax., 496, 497, note 2; 2 Dev. on Deeds, 1424; Desty on Tax., 967, 968, 972, 973.

On deed being conclusive evidence: Const. U. S., sec. 1, 14th amendment; Const. 1876, art. 8, sec. 13; Rev. Stats., art. 447; Meredith v. Coker, 65 Texas, 30; Lufkin v. City of Galveston, 73 Texas, 343; 2 Dev. on Deeds, sec. 1422; Black on Tax Titles, sec. 253, and note; Cool. on Tax., 298 (notes 1, 2), 521, 522, note 1; Cool. on Const. Lim., 368; Desty on Tax., 953, 954; Blackw. on Tax Titles, secs. 847, 1120; McCready v. Sexton, 29 Iowa, 356.

On requiring tax paid before contesting deed: Robinson v. Kaufman, 24 S. W. Rep., 531; Lufkin v. City of Galveston, 73 Texas, 343; Mortgage Co. v. Worsham, 76 Texas, 556; Rev. Stats., art. 447; Barrow v. Bursnide, 121 U. S., 186; Cool. on Tax., 550, 554, note 1; 2 Dev. on Deeds, sec. 1423; Blackw. on Tax Titles, 847; Desty on Tax., 1001, 1005, 1006; Dunn v. Snell, 74 Me., 22; Allen v. Morse, 72 Me., 502; Currey v. Hin-

man, 11 Ill., 420; Reed v. Tyler, 56 Ill., 288; Wilson v. McKenna, 52 Ill., 43; Cowan v. Cable, 37 Ill., 420; Weller v. St. Paul, 5 Minn., 95.

On costs allowed in tax sales: Rev. Stats., arts. 4752, 4767, 4768, 2396.

BROWN, Associate Justice.—The Court of Civil Appeals for the Second Supreme Judicial District has certified to this court the following questions and statement:

" In the above numbered and entitled cause now pending in this court, the following questions arise which it is deemed advisable to certify to your court for decision, to-wit:

" This is an action of trespass to try title, brought by appellant, which is a municipal corporation, acting under the general laws of this State for the incorporation of cities of over 1000 inhabitants, against appellee, to recover block 31 in said town. Appellant claims under a tax deed made upon a sale of said land for city taxes for the year 1885, it being sold as the property of appellee. Appellant also in its petition sets forth the amount of the tax that was due for that year and for each subsequent year, and asks that in case it fails to recover the land, that it have judgment for the amount of the tax thus shown to be due it, the gross amount being less than $500, and for the foreclosure of its alleged tax lien for the payment thereof.

" The court sustained a demurrer to that part of the plaintiff's petition which sought a personal judgment for the amount of the tax and foreclosure of the lien prayed for.

" Upon the trial appellant offered in evidence its tax deed, which the court held to be insufficient to pass title, because the sale was made for $2 more costs than were legally due. Appellant excepted in the court below to the right of the appellee to question this deed, without showing that all the taxes legally due had been paid or tendered.

" Now the questions certified to you for decision are these:

" 1. Has a city, chartered as above set forth, the right to maintain a suit to recover a personal judgment for the amount of the ad valorem tax due it?

" 2. Can it maintain such suit and have the tax lien foreclosed on the property?

" 3. If the action of the court was correct in holding the tax deed void by reason of the sale having been made to pay a larger amount than was due, or if it should appear that the deed is void by reason of insufficient description of the property conveyed, could appellee avail himself of such defects without showing the payment or tender of the taxes legally due on the property?"

There is quite a conflict of authority on the first question certified. One line of authority holds that assessment of taxes does not create a personal liability on the tax payer, and that where the law gives a special remedy for the collection of such tax, no right of suit exists unless it is

specially given by statute. Mr. Cooley, in his work on Taxation, after stating that the contrary doctrine is held by some courts, says: "But in general the conclusion has been reached, that when the statute undertakes to provide remedies, and those given do not embrace an action at law, a common law action for the recovery of taxes as a debt will not lie." Cool. on Tax., 16. The proposition announced is supported by a large number of decisions of courts of eminent ability, of which we cite the following: Board of Education v. Old Dominion Co., 18 W. Va., 445; Crapo v. Stetson, 8 Metc. (Mass.), 394; Shaw v. Pickett, 26 Vt., 482; Packard v. Tisdale, 50 Me., 376; Carondelet v. Picot, 38 Mo., 125; Hibbard v. Clark, 56 N. H., 158; Camden v. Allen, 26 N. J. Law, 398.

On the other hand, Mr. Desty, in his work on Taxation, states the contrary doctrine, as follows: "The Legislature may provide for the collection of taxes by action or suit, and when there is no actual prohibition either in the Constitution or the statute, the action of debt lies for the collection of taxes, though this has been denied in some of the States." This proposition is approved by our Supreme Court in the case of Cave v. City of Houston, 65 Texas, 619; and in Lufkin v. Galveston, 73 Texas, 343. An equal if not greater number of courts of equal ability to those of opposing views sustain this rule: Green v. Craft, 28 Miss., 70; Rundell v. Lahey, 40 N. Y., 516; Portland D. D. & I. Co. v. Trustees of Portland, 12 B. Mon., 80; Amite City v. Clementz, 24 La. Ann., 27; Perry County v. Railway, 58 Ala., 564; Hillsborough County v. Londonderry, 43 N. H., 451; Dubuque v. Railway, 39 Iowa, 56; Cave v. City of Houston, 65 Texas, 619; Lufkin v. Galveston, 73 Texas, 343; Savings Bank v. United States, 19 Wall., 227.

Those cases which hold that suit can not be maintained to collect taxes and for judgment against the tax payer rest upon the conclusion reached that such tax does not constitute a personal liability, but is a charge upon the property assessed. It is not denied that the right to sue could be conferred by law, but it is held that it does not exist without express authority. If, therefore, the law makes the tax a personal obligation of the tax payer, it is fairly within all the authorities that a right to sue would exist in favor of the State or municipal corporation entitled by statute to exact the payment of such taxes, unless another remedy is given which is exclusive in its character.

Article 8, section 15, of the Constitution of this State is in these words: "The annual assessment made upon landed property shall be a special lien thereon, and all property, both real and personal, belonging to any delinquent tax payer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of taxes and penalties due by such delinquent under such regulations as the Legislature may provide."

Article 446 of the Revised Statutes provides: "If any person shall fail, neglect, or refuse to pay the tax imposed on him and his property, within the time prescribed by the ordinances of said city, the assessor and collector shall, by virtue of his tax list and assessment roll, levy upon so much property liable to taxation belonging to such person as may be sufficient to pay his taxes."

In article 447 is this language: "The assessor and collector shall have the power to levy upon any personal property to satisfy any tax imposed by this title; all taxes shall be a lien upon the property upon which they are assessed," etc.

Under the foregoing provisions of our Constitution and statutes, taxes due to a municipal corporation may be collected out of any property which the tax payer may own, either that owned at the time of assessment or subsequently acquired; the tax may be collected by sale of the particular property on which it is assessed by enforcing the lien, or by the sale of that or other property under a judgment of the court, or by seizure and sale of personal property by the assessor and collector. It must be true that a claim which can be collected from the future acquisitions of the person against whom the claim exists is a personal liability.

The question then arises, is the remedy by seizure and sale given by the statute such as to exclude the right to proceed by suit at law. The language of the Constitution, "and such property may be sold for the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide," relates to such summary method as the Legislature might deem advisable. It is not a remedy given for the benefit of the tax payer; it is harsh and summary to that degree that courts have universally held, that its provisions being for the benefit of the State, must be strictly pursued in order to divest title of the owner.

There is nothing in the Constitution or the statute to indicate that this remedy is intended to be the only one to which resort may be had. In case of levy upon the property of one for the debt of another, the law provides that the right of title may be determined by a summary proceeding known as trial of the right of property. Our courts have held, that this being a remedy given for the benefit of the claimant, is not exclusive of the right to proceed by an action at law for the recovery of the property seized. Gamel v. Moore, 13 Texas, 120; Lang v. Dougherty, 74 Texas, 229.

It follows that as the city had a right to sue for the taxes, and also a lien upon the property assessed, a suit could be maintained in which a personal judgment might be rendered against the delinquent tax payer and a decree entered foreclosing the city's lien as in case of other liens. The fact that a void sale had been made of the property would not preclude the city from resorting to a suit for these purposes. McInery v. Reed, 23 Iowa, 410.

We therefore answer to the first and second questions, that a city chartered under the general laws of the State may maintain a suit for personal judgment against the tax payer and for a foreclosure of the lien upon the particular property upon which the tax is assessed.

Article 447 of the Revised Statutes prescribes the effect to be given to a deed made by the assessor and collector of taxes of a city, in pursuance of a sale made for taxes under article 446, and further provides, that " No person shall be permitted to question the title acquired by said deed without first showing that he or the person under whom he claims title had title to the land at the time of the sale, and that all taxes due upon the land have been paid by such person or the person under whom he claims title as aforesaid." This provision applies to tax sales the equitable rule, that where a purchaser at a void sale has discharged a lien upon the property, the owner will not be permitted to recover the property without first paying the sum applied to the discharge of the lien. In case of purchase by the city, as in this instance, we think it was in the power of the Legislature to require the payment of all taxes due upon that property as a condition to the right of the delinquent to set up defects in the title of the city.

It is not necessary in this case for us to decide what effect this statute would have if the purchaser were some person other than the city.

To the third question we answer, that in case of purchase by the city, the owner could not question the title acquired under the deed without showing the payment of all taxes.

It is ordered that this opinion be certified to the Court of Civil Appeals for the Second Supreme Judicial District.

Delivered May 7, 1894.

*J. D. Thomas* filed motion for rehearing, which was refused.