JOHN BENNISON AND WIFE v. CITY OF GALVESTON.

Decided January 28, 1904.

**1.—Taxes—City Charter.**

A city has the right to become a litigant in enforcing the collection of its taxes regardless of its charter provisions.

**2.—Same—Plea in Abatement.**

Where it is not made to appear in the pleading that State and county taxes are unpaid, a plea in abatement that the State and county are necessary parties to a suit by a city for taxes, is properly overruled.

Error from the District Court of Galveston. Tried below before Hon. Wm. H. Stewart.

*L. E. Trezevant,* for plaintiffs in error.

*J. Z. H. Scott* and *R. A. Drouilhet,* for defendant in error.

GILL, ASSOCIATE JUSTICE.—On January 31, 1899, the city of Galveston, a municipal corporation operating under special charter, filed this suit against plaintiffs in error to recover municipal and school taxes due by them for the years 1897 and 1898 on property situated in Galveston and owned by them. Poll tax was sought to be recovered against John Bennison for the years named.

The power of the city to levy and collect the taxes sued for is not questioned, nor do plaintiffs in error complain that it was not shown upon the trial that a lawful levy was made.

The questions presented relate to the power of the city to maintain the suit at the time of the filing of the amended petition upon which the trial was had, and the sufficiency of the pleading as to the ordinances under which the right to recover is claimed.

The taxes were levied under the charter in force up to the passage of the commission charter granted by the Legislature in 1901. The amended pleading was filed under the charter of 1901.

The point made is that as the charter of 1901 repealed all former charters and as this was done without a saving clause as to rights accruing under former charters, the city had no right to maintain this suit and the court no jurisdiction to try it.

The contention is that the right to sue for its taxes rested in the provision of the former charter and that the right was not preserved upon its repeal.

We regard the contention as without merit. It is well settled that the city has the general right to become a litigant in enforcing the collection of its taxes, and this irrespective of its charter provisions. Galveston Western Ry. Co. v. City of Galveston, 7 Texas Ct. Rep., 480; City of Henrietta v. Eustis, 87 Texas, 14.

The points made against the sufficiency of the petition as to the allegations respecting the ordinances under which the taxes are claimed are

also without merit. The petition is unusually full and sets out specifically the fact of their passage and their substance.

Plaintiffs in error pleaded in abatement that the State and county were necessary parties to the suit in order that their respective liens for taxes might be marshaled, and complains of the action of the court in overruling the plea.

The plea was rightly overruled, if for no other reason, because it is not made to appear that the State and county taxes are unpaid.

Other points are made, but we deem it unnecessary to notice them further than to say that in our judgment they present no reversible error.

We think the judgment should be affirmed.

*Affirmed.*