

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-1965
Re: (1) Do Article 7340 and Article 7345b, Sec. 12, violate Sec. 13 of Article 8 of the Constitution of Texas, in that said articles allow redemption of property sold at a tax sale at any time within two years after the date of such sale?

(2) Is the City of El Paso entitled to receive the 25% and 50% penalty provisions in case of redemption of property purchased by said City at a tax sale under authority of Sec. 8 of Article 7345b?

We are in receipt of your letter of February 7, 1940, in which you present two separate and distance questions:

(1) Do Article 7340 and Section 12 of Article 7345b violate Section 13 of Article 8 of the Constitution of Texas, in allowing a redemption within two years after the date of the sheriff's sale at which such property was sold?

(2) Is the City of El Paso entitled to the 25% and 50% penalty provisions allowed in case of redemption as provided in Section 12 of Article 7345b, when said city has purchased property at a tax sale under authority of Section 8 of Article 7345b?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ernest Guinn, Page 2


In answer to your first question it is necessary to point out the provisions of the Articles whose constitutionality is being questioned. Article 7340 reads:

"Where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes, or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and costs on or against said land or lots at the time of the redemption. Acts 1897, p. 132, sec. 14; Acts 1905, p. 323; Acts 1907, p. 282; Acts 2nd C. S. 1909, p. 400; Acts 1st C. S. 1913, p. 25; Acts 1st C. S. 1915, p. 58; Acts 4th C. S. 1918, p. 155; Acts 3rd C. S. 1920, p. 103."

Article 7345b, Section 12 reads:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One

Honorable Arnest Guinn, Page 3

($1.00) Dollar tax deed recording fee and all
taxes, penalties, interest and costs there-
after paid thereon, plus fifty per cent (50%)
of the aggregate total.

"In addition to redeeming direct from the
purchaser as aforesaid, redemption may also be
made upon the basis hereinabove defined, as
provided in Articles 7284 and 7285 of the Re-
vised Civil Statutes of Texas of 1925."

Section 13 of Article 8 of the Constitution of
Texas, as amended in 1932, reads as follows:

"Provision shall be made by the first
Legislature for the speedy sale, without the
necessity of a suit in Court, of a sufficient
portion of all lands and other property for
the taxes due thereon, and every year there-
after for the sale in like manner of all lands
and other property upon which the taxes have
not been paid; and the deed of conveyance to
the purchaser for all lands and other property
thus sold shall be held to vest a good and
perfect title in the purchaser thereof, sub-
ject to be impeached only for actual fraud;
provided, that the former owner shall within
two years from date of the filing for record
of the Purchaser's Deed have the right to
redeem the land on the following basis:

"(1) Within the first year of the re-
demption period upon the payment of the amount
of money paid for the land, including One
($1.00) Dollar Tax Deed Recording Fee and all
taxes, penalties, interest and costs paid plus
not exceeding twenty-five (25%) percent of the
aggregate total;

"(2) Within the last year of the redemp-
tion period upon the payment of the amount of
money paid for the land, including One ($1.00)
Dollar Tax Deed Recording Fee and all taxes,
penalties, interest and costs paid plus not
exceeding fifty (50%) percent of the aggregate
total. (Sec. 13, Art. 8, adopted election Nov.
8, 1932.)"

Honorable Ernest Guinn, Page 4

You question the constitutionality of the above-quoted statutes on the grounds that Section 13 of Article 8, supra, provides that the owner of property shall have two years from the date of the filing for record of the Purchaser's Deed within which to redeem his property while Article 7340 and Section 12 of Article 7345b, supra, provide that the owner must redeem his property within two years after the tax sale. You are advised, however, that the above-quoted articles are not in conflict with Article 8, Section 13 of the Constitution, in that said constitutional provision does not apply to redemption of property which was sold at a foreclosure sale pursuant to the judgment of a court.

The Supreme Court of Texas in the case of City of San Antonio v. Berry, 92 Tex. 319, recognized the fact that Sec. 13 of Article 8 of the Constitution, prior to amendment in 1932, applied only to summary sales.

The Amarillo Court of Civil Appeals in the case of Hinkson v. Lorenzo Independent School District, 109 S. W. (2d) 1008, held that the above quoted constitutional provisions applied only to summary sales and not to sales made under foreclosure tax liens by court judgments. In this connection the court stated as follows:

"We cannot accede to this contention. The old article 7283 was a part of section 19 of the Act of 1876, c. 152, p. 259, which dealt with sales of land for taxes by the tax collectors under summary process, and had no reference to sales made under judgments of foreclosure of tax liens. Moreover, that act, like all others prior to the enactment of articles 7284a in 1927, had reference to sales for taxes due the state, counties, and cities. None of them had any reference, in so far as the matter of redemption is concerned, to sales of real estate under foreclosure of tax liens owing to school and other districts created under the laws of the state. The constitutional provision for such redemption, article 8, section 13, applied only to summary sales made by tax collectors from the tax rolls and not to sales made under foreclosure of tax liens by court judgments. City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496; Collins et al v. Ferguson et al, 22 Tex. Civ. App. 552, 56 S. W. 235.

Honorable Ernest Guinn, Page 5

> There is nothing in the late amendments of
> either the Constitution or the statute, ar-
> ticle 7283, which would indicate an intention
> to extend their application." (Underscoring
> ours.)

Bearing in mind that Article 8, Section 13, as
amended, applies only to summary sales, your attention is
again called to the first part of Article 7340 which pro-
vides:

> "Where lands or lots shall hereafter be
> sold to the State or to any city or town for
> taxes under decree of court in any suit or
> suits brought for the collection of taxes
> thereon . . ." (Underscoring ours.)

You are, therefore, advised that Article 7340 does
not conflict with Section 13 of Article 8 of the Texas Con-
stitution.

Your attention is also called to the holding of
the Supreme Court of Texas in the case of Mexia Independent
School District v. City of Mexia, 133 S.W. (2d) 118. In
this case it was contended that Article 7345b was unconsti-
tutional because it permitted a foreclosure of a tax lien
through court, and therefore violated the provisions of Ar-
ticle 8, Section 13, of the Constitution, as adopted in 1932.
The Supreme Court adopted the opinion of the Waco Court of
Civil Appeals, written by Judge Alexander, as its opinion,
and thereby stated as follows in this connection:

> "It is suggested that the statute is uncon-
> stitutional because, by permitting a foreclosure
> of a tax lien through court, it violates the
> provisions of Article 8, Sec. 13 of our Constitu-
> tion as adopted in 1932. This section of the
> Constitution reads, in part, as follows:

> "'Provision shall be made by the first
> Legislature for the speedy sale, without the
> necessity of a suit in Court, of a sufficient
> portion of all lands and other property for the
> taxes due thereon, and every year thereafter
> for the sale in like manner of all lands and
> other property upon which the taxes have not
> been paid; and the deed of conveyance to the
> purchaser for all lands and other property thus

Honorable Ernest Guinn, Page 6 .

sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; . . .'

"It is insisted that this provision of the Constitution, by providing for a summary sale 'without the necessity of a suit in court,' is exclusive and inhibits foreclosure and sale through the court. The quoted provision does not appear by its own language to be exclusive. Necessarily, it must be construed in connection with other provisions of the Constitution. Article 8, sec. 15 of the Constitution provides as follows:

"'The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide.' (Underscoring ours.)

"The underscored portion of the above section clearly delegates to the legislature the right to provide other methods than by summary sale by which property may be sold for the payment of taxes. State Mortgage Corporation v. State (Comm. App.) 17 S.W. 2d 801; City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W. 619. Article 5, sec. 8, of the Constitution confers on district courts jurisdiction to foreclose liens on land, and we see no reason why taxing units should not be allowed to resort to such courts for the foreclosure of their liens. . . . The Act provides that the remedies therein provided for shall be cumulative of all others and hence does not purport to exclude the right of summary sale as provided in Article 8, sec. 13. This contention is overruled." (Underscoring ours.)

You are, therefore, advised that Section 13 of Article 8 of the Constitution of Texas, as adopted in 1932, applies only to summary sales. On the other hand, Article

Honorable Ernest Guinn, Page 7

7340 and Section 12 of Article 7345b expressly apply only to redemption of property pursuant to foreclosure sales made subsequent to a judgment of a court of competent jurisdiction. Therefore, there is no conflict in the periods of redemption set out in the statutes and in the above-quoted constitutional provision.

You are further advised that all redemptions of property sold under tax sales authorized under Article 7345b must be made within two years after the dates of the original foreclosure sales.

In your second question you are concerned with whether or not the City of El Paso is entitled to receive the redemption penalties provided in Section 12 of Article 7345b in a case where it has purchased property at a tax sale under the authority of Section 8 of Article 7345b.

Your attention is called to Section 13 of Article 7345b which reads as follows:

"Sec. 13. The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. The provisions of Chapter 10, Title 122 of the Revised Civil Statutes of 1925 shall govern suits brought under this Act except as herein provided. Acts 1937, 45th Leg., p. 1494-a, ch. 506." (Underscoring ours.)

Section 12 of Article 7345b in its language applies to all "purchasers" at tax sales, which general classification would include the City of El Paso.

The method of redemption as provided in said section would apply to all tax suits brought under the authority of Article 7345b. The redemption may be made from the purchaser at the first foreclosure sale. Under authority of Sections 8 and 9 of the act the purchaser may be one of the "taxing units". "Taxing units" as defined in Section 1 of Article 7345b include "the State of Texas or any town,

city or county in said State, or any corporation or district organized under the laws of the State with authority to levy and collect taxes."

The language of Section 9 of Article 7345b clearly indicates that a "taxing unit" is classified as a "purchaser". Said article reads, in part, as follows:

"Section 9.  If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title of said property shall be bid in and held by the taxing unit purchasing the same . . ." (Underscoring ours.)

Had the Legislature intended to make a separate rule for the redemption of property from a taxing unit which was the purchaser at the original foreclosure sale, Section 12 of Article 7345b would have included such exemption. However, the Legislature saw fit to make Section 12 and the penalty provisions provided therein apply indiscriminately to all purchasers or their assignees at the foreclosure sale. You are therefore advised that in redeeming property from the City of El Paso in a case where said City has purchased property at a tax foreclosure sale under the authority of Sections 8 and 9 of Article 7345b, Section 12 of said Article would apply and the person seeking to redeem the property would have to pay the penalties of redemption provided in such section.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

BG:RS

APPROVED MAR 15, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BWB