

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-5135
Re: Whether the unpaid 3% gross
receipts taxes on boxing
and wrestling exhibitions
conducted by amateur organ-
izations, which became due
under Article 614-6, Vernon's
Annotated Penal Code, prior
to the effective date of the
amendment exempting such ex-
hibitions from said tax, are
still due to the State.

This is in reply to your request for an opinion, which reads as follows:

"As a result of your Opinion No. O-4177, this Department has been collecting the 3% gross receipts tax from those amateur organizations conducting boxing and wrestling exhibitions, as provided for in your opinion.

"During the present session of our Legisla- ture, this law has been amended so as to provide certain exceptions from the provisions of the law. This amendment became effective February 24, 1943; however, for a month or two prior to the effective date of the recently enacted amend- ment, several boxing exhibitions were held throughout the State that would be liable for the 3% gross receipts tax. Pending passage of this amendment, quite a bit of publicity was given to same, and some of the organizations

Honorable John D. Reed, page 2

evidently understood that the law had already
been amended; therefore, no tax return was filed.

"In order to be clear on this matter, will
you give me an opinion as to whether or not those
taxes are still due the State for the exhibitions
held prior to the effective date of the amend-
ment."

The tax to which you refer is provided for by Chap-
ter 241, Acts of the 43rd Legislature, Regular Session, as
amended by Chapter 21, Acts of the 43rd Legislature, Second
Called Session, which is codified as Article 614-6, Vernon's
Annotated Penal Code, and reads as follows:

"Each individual, firm, club, copartnership,
association, company or corporation which conducts
any fistic combat, boxing, sparring or wrestling
match, contest or exhibition wherein the contes-
tants or participants receive a money remunera-
tion, purse, or prize equivalent for their per-
formance or services in same, and/or where an ad-
mission fee is charged or received, shall furnish
to the Commissioner of Labor Statistics at Austin,
Texas, within forty-eight (48) hours after the
termination of such match, contest or exhibition,
a duly verified report thereof showing the number
of tickets sold, the various prices received
therefor, and the amount of gross receipts for
the total number of tickets sold therefor, and
at the same time shall attach to the Commission-
er of Labor's report legal tender or make proper
form of money order or exchange payable to the
State Treasurer in the amount of tax for three
per centum (3%) of the total gross receipts from
the sale of tickets of admission to such contest,
which tax shall be deposited to the credit of the
'Boxing and Wrestling Enforcement Fund.'  No
other fee or tax either general or local, than
as herein provided, shall be assessed against or
levied upon any such match, contest or exhibi-
tion, contestant, or manager, or promoter there-
of."

You have attached to your letter a copy of House Bill No. 58, enacted at the current session of the Legislature, which amends the above mentioned acts of the 43rd Legislature to provide, among other things, for the following exemptions:

"'(b)  None of the provisions of this Act shall be applicable to and enforced against:

"'(1)  All nonprofit amateur athletic associations chartered under the laws of the State of Texas including their affiliated membership clubs throughout the State for the promotion of amateur athletics.

"'(2)  Any contests or exhibitions between students of such institutions which are conducted by any college, school or university as part of the institution's athletic program.

"'(3)  Contests or exhibitions between members of such units which are conducted by any troop, battery, company or units of the Texas National Guard or Texas Defense Guard.  Provided, none of the participants in such contests or exhibitions receive a money remuneration or purse or prize equivalent for their performance or services therein."

Said House Bill No. 58 contains no provision saving the State's cause of action for taxes which became due before the effective date of the exemptions, and, under our view of the law, no such provision is needed.

Section 55 of Article III, of the Constitution of Texas, as adopted November 8, 1932, provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

In the case of State v. Pioneer Oil & Refining Company, 292 S. W. 869, the Supreme Court of Texas held that the repeal of a taxing statute could not operate to defeat the State's claim for taxes which became due under the repealed statute prior to the effective date of the repeal, basing its decision on the constitutional provision denying to the Legislature power to release or extinguish any indebtedness, liability or obligation to the State. The following quotations from the opinion of the court in that case are applicable to the question here presented:

"We do not stop to consider whether a delinquent tax is an 'indebtedness' or 'obligation,' within the meaning of the language quoted, for that it is a 'liability' cannot be doubted. Olliver v. City of Houston, 93 Tex. 206, 54 S. W. 940, 943; City of Henrietta v. Eustis, 87 Tex. 14, 26 S. W. 619.

"If the statute first mentioned competently levied a tax, that tax became due, and liability therefor matured, on May 25, 1923, in respect to the 'first report and payment.' This is made plain by the terms of the act fixing that date for 'report and payment,' and providing penalties, etc., for default. There is in the opinion of the Court of Civil Appeals a statement or implication to the effect that the claims were inchoate because the reports had not been made; but, in our opinion, no such effect can be given the taxpayers delinquency, for that would mean the citizen who obeyed the law would be disfavorably circumstanced as compared with the citizen who disobeyed. . . . The general rule, 'that when a right depends solely upon a statute which is repealed, the right ceases to exist,' must be taken with its own limitation. In the present case the right is not inchoate, for nothing remained to be done to mature the tax; and it does not 'depend solely' upon a 'statute which is repealed,' for, having once became a liability, its irrevocable nature finds source in the constitutional provision."

Honorable John D. Reed, page 5

It is therefore our opinion that, notwithstanding the present exemption from taxation of certain classes of boxing and wrestling exhibitions, the taxes for the conduct of such exhibitions which became due to the State prior to the effective date of the exemptions are still due.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *W. R. Allen*

W. R. Allen
Assistant

WRA:db

APPROVED APR 9, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN