

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 23, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-524

Re: The collection of delin-
quent taxes on lands aft-
er cancellation of subdi-
visions under Art. 7227,
V.C.S.

Dear Mr. Sheppard:

You request our opinion as to the correct amount of penalty and interest to be collected where a subdivision has been canceled under the provisions of Article 7227, V.C.S., and the property included therein reassessed on an acreage basis for the years for which it is delinquent.

Article 7227, V.C.S., reads in part as follows:

"Any person, firm, association or corporation owning lands in this State which lands have been subdivided into lots and blocks or small subdivisions, may make application to the commissioners court of the county wherein any such lands are located for permission to cancel all or any portion of such subdivision or subdivisions, so as to throw the said lands back into acreage tracts as it existed before such subdivisions were made. When such application is made by the owner or owners of such land, and it is shown that a cancellation of such subdivisions, or portion thereof, will not interfere with the established rights of any purchaser owning any portion of such subdivisions, or if it be shown that said person or persons agreed to such cancellation, said commissioners court shall enter an order, which order canceling said subdivision shall be spread upon the minutes of such court authorizing such owner or owners of such lands to cancel the same by written instrument describing such subdivisions, or portions thereof so cancelled as designated by said court. When such cancellation is filed and recorded in the deed records of such county, the tax assessor of such county shall assess such property as though it had never been subdivided . . . If such

lands are delinquent for taxes for any preceding
year, or years, and such application is granted as
hereinbefore provided, the owner or owners of
said land shall be permitted to pay such delinquent
taxes upon an acreage basis, the same as if said
lands had not been subdivided, and for the purpose
of assessing lands for such preceding years the
county assessor of taxes shall back assess such
lands upon an acreage basis.. . ."

In order to determine what penalty and interest should
be collected on the back assessments, it is necessary to deter-
mine whether the reassessment as authorized in Article 7227 is
valid. If the taxes delinquent under the original assessment have
become a liability to the State and other subdivisions thereof,
then that portion of said Article in releasing such liability is vio-
lative of Section 55 of Article III of the Texas Constitution, which
in 1919 read as follows:

"The Legislature shall have no power to re-
lease or extinguish, or to authorize the releasing
or extinguishing, in whole or in part, the indebted-
ness, liability or obligation of any incorporation or
individual, to this State, or to any county or other
municipal corporation therein."

This Section of the Constitution was amended in 1932, so as to ex-
cept from the provisions thereof "delinquent taxes which have been
due for a period of at least ten years."

The Texas Constitution in Section 15 of Article VIII further
provides:

"The annual assessment made upon landed
property shall be a special lien thereon; and all
property . . . shall be liable to seizure and sale
for the payment of all taxes and penalties.. . ."

The Commission of Appeals in State v. Pioneer Oil & Re-
fining Company, 292 S.W. 869, after quoting Section 55 of Article III,
supra, said:

"We do not stop to consider whether a delin-
quent tax is an 'indebtedness' or 'obligation,'
within the meaning of the language quoted, for
that it is a 'liability' cannot be doubted. Olliver
v. City of Houston, 93 Tex. 206, 54 S.W. 940, 943;
City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W.
619."

The Supreme Court of Texas in Rowan Drilling Company v. Sheppard, 87 S.W. (2d) 706 held:

> "When we read the various tax provisions of our Constitution singly, and in the light of each other, we are convinced by necessary implication, if not by direct language, it prohibits more than one valuation of property for ad valorem tax purposes for the same tax year.. . ."

It is clear to us that under the above Constitutional provisions the Legislature is inhibited from passing any act that in effect releases or extinguishes, or authorizes the extinguishing of any taxes due the State or other subdivisions thereof, except those which have been due more than ten years. It is equally clear that Article 7227 attempts to extinguish the fixed tax liability of the owners of the property and create another tax liability in a lesser amount.

Of course, if the prior assessments are invalid the Commissioners Court has the authority under Articles 7346 and 7347, V.C.S., to refer same to the tax assessor for reassessment. A void or invalid assessment is a nullity and amounts to no assessment. In this connection we quote from the Supreme Court in State v. Mallet Land and Cattle Co., 88 S.W. (2d) 471:

> "The rule has been repeatedly announced that, in the absence of fraud or illegality, the action of a board of equalization upon a particular assessment is final; and, furthermore, that such valuation will not be set aside merely upon a showing that the same is in fact excessive. If the board fairly and honestly endeavors to fix a fair and just valuation for taxing purposes, a mistake on its part, under such circumstances, is not subject to review by the courts. (Citing authorities). However, the rule has been declared that if a board of equalization adopts a method that is illegal, arbitrary, or fundamentally wrong, the decision of the board may be attacked and set aside."

It is therefore our opinion that the portion of Article 7227 which purports to extinguish a fixed tax liability is unconstitutional; and the tax collector should collect taxes on the property involved as shown by the delinquent tax records based upon the original assessments, together with eight per cent penalty and six per cent interest as levied by Article 7336, V.C.S.

We are enclosing herewith Attorney General's Opinions 0-930 and 0-7412 which were considered by us in holding said portion of Article 7227 unconstitutional.

## SUMMARY

That portion of Article 7227 which permits the owner of land in a subdivision to pay his delinquent taxes upon a reassessment on an acreage basis, in lieu of taxes delinquent on original assessments, after the subdivision has been canceled as provided in Art. 7227, V.C.S., is unconstitutional because in violation of Sec. 55 of Art. III of the Texas Constitution. The tax collector should collect taxes on the land as shown by the delinquent tax records, based upon the original assessments together with 8% penalty and 6% interest. Art. 7336, V.C.S.; State v. Pioneer Oil & Refining Co., 292 S.W. 869; State v. Mallet Land and Cattle Co., 88 S.W. (2d) 471.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert

W. V. Geppert
Assistant

WVG/JCP
ENCLS.(2)

APPROVED

Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL