

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 5, 1972

Honorable Ted Butler
District Attorney
Bexar County
San Antonio, Texas   78204

Opinion No. M-1137

Re: Whether real property fore-
closed by delinquent tax
judgment may be sold there-
under to the judgment debtor
at the adjudged value of the
property rather than for the
full amount of the tax judg-
ment, and related questions.

Dear Sir:

We have received your opinion request and for the sake of
brevity we consolidate your questions as follows:

> When real property foreclosed in a delinquent ad
> valorem tax suit is sold thereunder by sheriff to
> the judgment debtor at an adjudged value less than
> the full amount of the judgment, what is the effect
> of such sale on the total amount owed under the
> judgment by the tax debtor, and upon the tax lien
> foreclosed upon the property?

The answers to your questions are provided by Article 7345b,
Vernon's Civil Statutes. Section 5 of this Article provides in
tax foreclosure actions for a finding and adjudication of the rea-
sonable fair value of the real property subject to the tax liens
as of the date of trial.

Section 8 of this Article provides, in part, that the prop-
erty  shall not be sold under the foreclosure decree to the owner
of the property or to anyone having an interest therein, or to any
party other than a taxing unit which is a party to the suit, for
less than the amount of its value adjudged according to the provi-
sions of Section 5, or the aggregate amount of the judgments against
the property in the suit, whichever amount is lower. Opinions At-
torney General Nos. V-890(1949) and S-175(1955).

It was held in Watts v. City of El Paso, 183 S.W. 2d 249 (Tex.
Civ.App. 1944, error ref.): "Even though the property be struck

off to the owner or to a party other than the taxing unit for the adjudged value, <u>this does not pay the taxes</u>. It discharges the taxes as a <u>lien</u> against the <u>particular property</u>." (Emphasis supplied.)

Thus, when a tax debtor-owner purchases property at a tax judgment sale for an amount less than the full amount of the tax judgment but at least equal to the adjudged value of such property, he does not satisfy the judgment against him, although he does acquire title to the property free of the liens for the taxes sued for. In this instance he is liable under the judgment for the difference between the total amount of taxes adjudged against him, together with court costs and costs of sale, and the amount he paid for the property at the sheriff's sale. The judgment may be enforced as any other judgment rendered for a personal indebtedness. <u>City of Henrietta v. Eustis</u>, 87 Tex. 14, 26 S.W. 619(1894).

## SUMMARY

Real property foreclosed by tax judgment for ad valorem taxes may be purchased by the owner at sheriff's sale at its adjudged value although for an amount less than full amount of judgment.

In this event, the owner-tax debtor is liable under the judgment for the deficiency but he acquires title to the property purchased free of the liens for the taxes sued for. The judgment may be enforced for the balance against the tax debtor as any other judgment rendered for a personal indebtedness.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bob Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Arthur Sandlin
Jack Sparks
Jack Goodman

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant